Reagan E. Bradford, OBA #22072*
Ryan K. Wilson, OBA #33306*
\*_pro hac vice forthcoming_
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com

–and–

Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| Wake Energy, LLC, on behalf of itself and all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>EOG Resources, Inc.<br><br>  Defendant. | Civil Action No. __20-CV-183-R__ |

## ORIGINAL CLASS ACTION COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff Wake Energy, LLC ("Plaintiff"), for itself and all others similarly situated, files this Complaint against EOG Resources, Inc. ("EOG" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

## SUMMARY

1. This class action concerns EOG's willful and ongoing violations of Wyoming law related to the interest owed on untimely payments of proceeds derived from the sale of oil-and-gas production to those legally entitled to the proceeds.

2. Wyoming statute requires operators like EOG to pay proceeds derived from oil-and-gas production not later than six months after the first day of the month following the date of first sale and thereafter not later than sixty days after the end of the calendar month within which the oil-and-gas production is sold. *See* WYO. STAT. § 30-5-301.

3. When an operator fails to meet those statutory timelines, Wyoming law requires that the operator pay owners interest at the rate of eighteen percent (18%) per annum.

4. EOG does not automatically pay the interest it owes on untimely payments of proceeds. Instead, it has a policy of only paying statutory interest when owners demand it, despite the fact that Wyoming statute contains no such demand requirement.

5. Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received untimely payments from EOG for which it did not pay the interest required by Wyoming statute.

## PARTIES

6. Plaintiff Wake Energy, LLC is an Oklahoma limited liability company with its principal place of business in Edmond, Oklahoma.

7. EOG is a Delaware corporation with its principal place of business located in Houston, Texas.

8. EOG owns and operates hundreds of horizontal oil-and-gas wells in the State of Wyoming.

9. EOG may be served with process by serving its registered agent: CT Corporation System, 1908 Thomes Avenue, Cheyenne, Wyoming 82001.

## JURISDICTION & VENUE

10. The preceding allegations are fully incorporated by reference.

11. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Defendants are citizens of different states.

12. This Court has personal jurisdiction over EOG because it has minimum contacts with this district related to the claims in this case.

13. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the of the events giving rise to the class claims occurred within this district.

## FACTUAL ALLEGATIONS

14. The preceding allegations are fully incorporated by reference.

*The Wyoming Royalty Payment Act ("WRPA")*

15. Wyoming has a significant oil-and-gas industry and is consistently a top-ten producing state.

16. Like other top-producing states, Wyoming has enacted legislation concerning when oil-and-gas proceeds must be paid and outlining the consequences when those statutory timeframes aren't satisfied.

17. These legislative schemes were enacted in reaction to the abusive practices of oil-and-gas producers, who "routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the

receipt of sales proceeds and disbursement of royalties." Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 18 (2006).

18. Wyoming addressed this issue through the Wyoming Royalty Payment Act ("WRPA"), which imposes strict timeframes for the payment of oil-and-gas proceeds:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale** and **thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold** . . . .

WYO. STAT. § 30-5-301(a) (emphasis added).

19. When an operator fails to meet these timeframes, the WRPA guides:

> **Any lessee or operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds**, **plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

*Id.* § 30-5-303(a) (emphasis added).

20. Stated differently, when an operator like EOG fails to pay proceeds within six months after the first day of the month following the date of first sales, the operator owes 18% interest per annum on the late payment. And, for production subsequent to first sales, operators must pay 18% interest per annum on payments of proceeds made sixty days after the date of production.

21. The WRPA contains no notice or demand required before an owner is entitled to statutory interest.

22. In fact, the WRPA "is perhaps the strongest of the 'no excuses' Acts" passed by other top-producing states. Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 20 (2006).

23. As the Supreme Court of Wyoming has explained, the WRPA "is a remedial statute . . . to be liberally construed." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991). In enacting the WRPA, the Wyoming legislature evinced its "obvious intent to stop oil producers from retaining other people's money for their own use." *Id*. (quoting *Indep. Producers Mktg. Corp. v. Cobb*, 721 P.2d 1106, 1110 (Wyo. 1986)). When it comes to liability under the WRPA, "Equity is not a factor for consideration because there are no exceptions in the [WRPA] providing justification for royalty nonpayment." *Cities Serv. Oil and Gas Corp. v. State*, 838 P.2d 146, 156 (Wyo. 1992).

*EOG's Breach of the WRPA*

24. Despite the WRPA's plain terms and clear legislative intent, EOG does not automatically pay interest on untimely payments.

25. Instead, EOG has adopted a policy of requiring owners to first demand statutory interest before it will pay what is already owed under the statute. EOG considers this policy an efficient breach of the WPRA, because it knows very few owners will actually demand the statutory interest owed.

26. Plaintiff is among the many owners to whom EOG failed to automatically pay interest owed under the WRPA.

27. Plaintiff Wake Energy, LLC owns an interest in oil and gas produced from the Windy 569-1002H well, which is operated by EOG and which is located in Laramie County, Wyoming.

28.     EOG remits royalty proceeds to Plaintiff for its interest in the Windy 569-1002H well.

29.     EOG failed to pay Plaintiff the proceeds to which it is entitled within six months after the first day of the month following the date of first sales of oil or gas from the Windy 569-1002H well.

30.     For example, for oil and gas produced from the Windy 569-1002H well in March 2019, EOG didn't remit proceeds to Plaintiff until January 2020:



31.     And when EOG finally paid those proceeds owed to Plaintiff, it did not include the 18% interest required by Wyoming statute.

## CLASS ACTION ALLEGATIONS

32.     The preceding allegations are fully incorporated by reference.

33. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following class (the "Class"):

> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who: (1) received untimely payments from EOG for proceeds derived from the sale of oil or gas production in Wyoming wells; or (2) whose proceeds were escheated to a government entity by EOG; and (3) whose payments or escheated proceeds did not include the 18% interest required by law.
>
> Excluded from the Class are: (1) EOG, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

34. Upon information and belief, there are thousands of absent Class members entitled to interest on late payments made by EOG.

35. The Class is so numerous that joinder of all members is impracticable.

36. The questions of fact and law common to the Class include:

   a. Whether Plaintiff and the Class own legal interests in the Wyoming acreages for which EOG has an obligation to pay proceeds derived from the sale of oil-and-gas production;

   b. Whether, under Wyoming law, EOG owed interest to Plaintiff and the Class on any untimely payments of proceeds derived from the sale of oil-and-gas production;

   c. Whether EOG's failure to pay interest to Plaintiff and the Class on any untimely payments constitutes a violation of Wyoming statute; and

   d. Whether EOG is obligated to pay interest on future untimely payments.

37. Plaintiff's claims are typical of the Class because each Class member's claims are identical.

38. EOG treated Plaintiff and the Class in the same way by failing to pay the required interest on untimely payments.

39. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

40. The factual allegations and questions of law in this Complaint are common to the members of the Class and predominate over any questions affecting only individual members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Class that there is no reason why individual members of the Class would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment of proceeds derived from the sale of oil-and-gas production as required by Wyoming law;

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of EOG, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to EOG.

## CAUSE OF ACTION

### Breach of Statutory Obligation to Pay Interest

42. The preceding allegations are incorporated by reference.

43. Plaintiff brings this cause of action on behalf of itself and the Class.

44. Plaintiff and the Class were legally entitled to the payments of proceeds derived from the sale of oil-and-gas production from EOG for production from wells owned or operated by EOG in Wyoming.

45. WYO. STAT. § 30-5-301(a) requires EOG to pay owners within six (6) months after the first day of the month following the date of first sales of oil or gas.

46. When EOG fails to pay owners within such time frame, WYO. STAT. § 30-5-303(a) requires EOG to pay owners 18% interest per annum when the payment is eventually made.

47. EOG held proceeds belonging to Plaintiff and the Class, and EOG failed to timely pay these proceeds to Plaintiff and the Class.

48. When EOG eventually paid these proceeds to Plaintiff and the Class, it did not pay the 18% interest per annum required by Wyoming statute.

49. EOG's failure to pay interest owed on the untimely payments has harmed Plaintiff and the Class.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring EOG to pay Plaintiff and the Class members actual damages to fully compensate them for losses sustained as a direct, proximate, and producing cause of EOG's breaches and unlawful conduct, including, without limitation, the interest on the untimely payments required by law;

3. An order requiring EOG to pay interest in the future, as required by law, to Plaintiff and the Class;

4. An order awarding punitive damages in accordance with Wyoming law on each of EOG's wrongful acts as alleged in this Complaint;

5. An order requiring EOG to pay the Class's attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Respectfully Submitted,

/s/ Rick Erb

Rick Erb 6-2663
RICHARD A. ERB, JR., PC
PO Box 36
Gillette, WY 82717
(307) 682-0215
(307) 682-1339 fax
rick@rickerb.com

–and–

Reagan E. Bradford, OBA #22072*
Ryan K. Wilson, OBA #33306*
*pro hac vice forthcoming
BRADFORD & WILSON PLLC
431 W. Main Street, Suite D
Oklahoma City, OK 73102
(405) 698-2770
(405) 234-5506 fax
reagan@bradwil.com
ryan@bradwil.com

**COUNSEL FOR PLAINTIFF**