**FILED**



**12:37 pm, 10/17/22**

**Margaret Botkins**
**Clerk of Court**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

WAKE ENERGY, LLC, on behalf of itself
and all others similarly situated,

    Plaintiff,

vs.

EOG RESOURCES, INC.,

    Defendant.

      Civil No. 20-CV-00183-ABJ

## *ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT*

This is a class action lawsuit brought by Plaintiff Wake Energy, LLC, on behalf of itself and all others similarly situated ("Plaintiff"), against EOG Resources, Inc. ("Defendant"), for the alleged failure to pay statutory interest on payments made outside the time periods set forth in the Wyoming Royalty Payment Act, W.S. § 30-5-301, et seq ("WRPA"), for oil and gas production proceeds from oil and gas wells in Wyoming. On June 13, 2022, the Parties executed a Stipulation and Agreement of Settlement (the "Settlement Agreement") finalizing the terms of the Settlement.[1] On July 11, 2022, the Court held a Preliminary Approval Hearing.

On July 12, 2022, the Court preliminarily approved the Settlement and issued an Order Granting Preliminary Approval of Class Action Settlement, Certifying the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (Doc. 73) (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

a.      certified the Settlement Class for settlement purposes, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied, for settlement purposes only, with respect to the proposed Settlement Class;

b.      appointed Plaintiff Wake Energy, LLC as Class Representative and Plaintiff's Counsel, Reagan E. Bradford and Ryan K. Wilson of Bradford & Wilson PLLC as Co-Lead Class Counsel, and Richard A. Erb, Jr. of Richard A. Erb, Jr., PC and Brady L. Smit of Brady Smith Law, PLLC as Additional Class Counsel;

c.      preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weaknesses of Class Representative's and the Settlement Class's claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

d.      preliminarily approved the Settlement as fair, reasonable, and adequate and in the best interest of the Settlement Class;

e.      preliminarily approved the form and manner of the proposed Short Form Notice, Long Form Notice, and Summary Notice to be communicated to the Settlement Class, finding specifically that such Short Form Notice, Long Form Notice, and Summary Notice, among other information, fairly and adequately: (a) described the terms and effect of the Settlement among other information; (b) notified the Settlement Class of the time and place of the Final Fairness Hearing; (c) described the options for requesting exclusion from the Settlement or objecting to the Settlement or any part thereof; and (d) directed

potential Class Members to where they may obtain more detailed information about the Settlement;

f.    instructed the Settlement Administrator to disseminate the approved Short Form Notice by mail to potential members of the Settlement Class, to publish the Summary Notice, and to display the Long Form Notice and other documents related to the Settlement on an Internet website in accordance with the Settlement Agreement and in the manner approved by the Court;

g.    provided for the appointment of a Settlement Administrator;

h.    set the date and time for the Final Fairness Hearing as October 17, 2022, at 9:30 A.M. in the United States District Court for the District of Wyoming; and

i.    set out the procedures and deadlines by which Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Short Form Notice, Summary Notice, and Long Form Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On October 17, 2022, in accordance with the Preliminary Approval Order and the Notices, the Court conducted a Final Fairness Hearing to, *inter alia*:

a.    determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.    determine whether the notice method utilized by the Settlement Administrator: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Class Members

of the pendency of the Litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the state and federal Constitutions, and any other applicable law;

      c.     determine whether to approve the Allocation Methodology, the Initial Plan of Allocation, and distribution of the Net Settlement Fund to Participating Class Members;[2]

      d.     determine whether a Judgment should be entered pursuant to the Settlement Agreement, inter alia, dismissing the Litigation against Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

      e.     determine whether the applications for Plaintiff's Attorneys' Fees, reimbursement for Litigation Expenses and Administration, Notice, and Distribution Costs, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[3] and

      f.     rule on such other matters as the Court deems appropriate.

---

[2] The Court will issue a separate order pertaining to the allocation and distribution of the Net Settlement Fund among Class Members (the "Plan of Allocation Order").

[3] The Court will issue separate orders pertaining to Plaintiff's Counsel's request for Plaintiff's Attorneys' Fees and reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for a Case Contribution Award.

The Court, having reviewed the Settlement, the Settlement Agreement, and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS**, **ORDERS**, and **ADJUDGES** as follows:

1.      The Court, for purposes of this Order and Judgment (the "Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2.      The Court has jurisdiction over the subject matter of this Litigation and all matters relating to the Settlement, as well as personal jurisdiction over Defendant and Class Members.

3.      The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who: (1) received payments from EOG for proceeds of Wyoming oil or gas production beyond the timeframes set forth in W.S. § 30-5-301 during the Claim Period; or (2) whose proceeds for Wyoming oil or gas production were sent to escrow by EOG beyond the timeframes set forth in W.S. § 30-5-301 during the Claim Period; and (3) whose payments or escrowed proceeds did not include the 18% interest required by W.S. § 30-5-303(a).
>
> Excluded from the Class are: (1) EOG, its affiliates, predecessor affiliates, and employees, officers, and directors; (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming, including counties; (3) any Indian tribe as defined at 30 U.S.C. § 1702(4) or Indian allottee as defined at 30 U.S.C. § 1702(2); (4) payments of accumulated proceeds of Wyoming oil or gas production that total $100 or less and that were paid or escrowed within one year; (5) overriding royalty interests derived from federal oil and gas leases or created by contracts or conveyances adopting federal law as to payment obligations; (6) payments of prior period adjustments (PPAs); (7) publicly traded oil and gas companies and their affiliates; and (8) operators of fifty (50) or more active Wyoming oil and/or gas wells as of April 2022.

The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have submitted timely and valid Requests for Exclusion and are hereby excluded from

the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the releases provided for in this Judgment and the Settlement Agreement.

4.      As used in this Judgment, the following terms shall have the following meanings:

a.      "**Released Claims**" means all claims, demands, actions, causes of action (statutory, contract, tort, equitable, punitive, and other relief), allegations, rights, obligations, costs, losses, penalties, attorneys' fees, and damages arising in whole or in part at any time from underpaid and unpaid statutory interest for late payments on Wyoming oil and gas production during the Claim Period. This release includes claims asserted, or that could have been asserted, in the Litigation for failure to pay interest on payments made outside the time periods set forth in the Wyoming Royalty Payment Act, W.S. § 30-5-301, et seq ("WRPA"). No other claims are released, including but not limited to: 1) claims for statutory interest on late payments made by EOG before or after the Claim Period; and 2) any other claims that class members may have against EOG other than the Released Claims.

b.      "**Released Parties**" means EOG as well as its respective parent companies, subsidiaries, affiliates, former or present officers, directors, shareholders, employees, agents, insurers, attorneys, board members, predecessors, successors, assigns, and consultants.

c.      "**Releasing Parties**" means Plaintiff and all Participating Class Members.

d.      "**Claim Period**" means checks or payments dated between and including September 23, 2012, through February 11, 2022.

5.      At the Final Fairness Hearing on October 17, 2022, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, inter alia, the Settlement and the Notice of Settlement provided to the Settlement Class, considering not only the pleadings and arguments of Class Representative and Defendant and their respective counsel, but also the concerns of any objectors and the interests of all absent Class Members. In so doing, the Court considered arguments that could reasonably be made against, *inter alia*, approving the Settlement and the Notice of Settlement, even if such argument was not actually presented to the Court by pleading or oral argument.

6.      The Court further finds that due and proper notice, by means of the Short Form

Notice, Long Form Notice, and Summary Notice, was given to the Settlement Class in conformity

with the Settlement Agreement and Preliminary Approval Order. The form, content, and method

of communicating the Short Notice mailed to the Settlement Class, the Long Form Notice

published on the website, and the Summary Notice published pursuant to the Settlement

Agreement and the Preliminary Approval Order: (a) constituted the best practicable notice under

the circumstances; (b) constituted notice reasonably calculated, under the circumstances, to apprise

Class Members of the pendency of the Litigation, the Settlement, their right to exclude themselves

from the Settlement, their right to object to the Settlement or any part thereof, and their right to

appear at the Final Fairness Hearing; (c) was reasonable and constituted due, adequate, and

sufficient notice to all persons and entities entitled to such notice; and (d) met all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States

Constitution, the Due Process protections of the State of Oklahoma, and any other applicable law.

Therefore, the Court approves the form, manner, and content of the Short Notice, Long Form

Notice, and Summary Notice used by the Parties. The Court further finds that all Class Members

have been afforded a reasonable opportunity to request exclusion from the Settlement Class or to

object to the Litigation and Settlement.

7.      The Court hereby affirms its determinations in the Preliminary Approval Order

certifying, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rule

23 of the Federal Rules of Civil Procedure, including that: the members of the Settlement Class

are so numerous that joinder of all Class Members in the class action is impracticable; there are

questions of law and fact common to the Settlement Class that predominate over any individual

questions; the claims of Class Representative are typical of the claims of the Settlement Class;

Class Representative and Plaintiff's Counsel have fairly and adequately represented and protected the interests of the Class Members; and, after considering the interests of the Class Members in individually controlling the prosecution of separate actions, the extent and nature of litigation already commenced by members of the Settlement Class, the desirability or undesirability of continuing the litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action – a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Pursuant to and in accordance with Federal Rule of Civil Procedure 23, the Settlement, including, without limitation, the consideration paid by Defendant, the covenants not to sue, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Parties at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the claims, the duration of the Litigation, the extent of discovery, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. Serious questions of law and fact remain contested between experienced counsel and parties alert to defend their interests. The Settlement provides a means of gaining immediate valuable and reasonable compensation and forecloses the prospect of uncertain results after many more months or years of additional discovery and litigation. The considered judgment of the Parties, aided by experienced legal counsel, supports the Settlement. The Parties and the Settlement Administrator are hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Judgment in the Litigation.

8.      By agreeing to settle the Litigation, Defendant does not admit, and instead specifically denies, that the Litigation could have otherwise been properly maintained as a contested class action (as opposed to a settlement class), and specifically denies any and all wrongdoing and liability to the Settlement Class, Class Representative, and Plaintiff's Counsel.

9.      The Court finds that on or about July 1, 2022 (Doc. 79), Defendant caused notice of the Settlement to be mailed and served on the appropriate state official for each state in which a Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715. In connection therewith, the Court has determined that, under 28 U.S.C. § 1715, the appropriate state official for each state in which a Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States. Further, the Court finds it was not feasible for Defendant to include on each such notice the names of each of the Class Members who reside in each state and the estimated proportionate share of each such Class Members to the entire Settlement as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of Class Members residing in each state and the estimated proportionate share of the claims of such Class Members to the Settlement. No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement. Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Judgment, under the provisions of 28 U.S.C. § 1715.

10.     The Litigation and the Released Claims are dismissed with prejudice as to the Released Parties. The Court orders that, upon the Effective Date, the Settlement Agreement shall

be the exclusive remedy for any and all Released Claims of Participating Class Members. The Court finds that Defendant has agreed not to file a claim against Plaintiff or Plaintiff's Counsel based upon an assertion that the Litigation was brought by Plaintiff or Plaintiff's Counsel in bad faith or without a reasonable basis. Similarly, the Court finds that Plaintiff has agreed not to file a claim against Defendant or Defendant's Counsel based upon an assertion that the Litigation was defended by Defendant or Defendant's Counsel in bad faith or without a reasonable basis. The Releasing Parties are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties to the fullest extent permitted by law. The Court thus hereby permanently bars and enjoins the Releasing Parties, and each of them (regardless of whether or not any such person or party shares in the Net Settlement Fund), and all persons acting on their behalf from, directly or indirectly, or through others, suing, instigating, instituting, or asserting against the Released Parties any claims or actions on or concerning the Released Claims. The Released Parties are discharged and/or released from all claims for contribution that have been or may be brought by or on behalf of any persons relating to the Settlement of the Released Claims. The releases and prohibitions of this paragraph apply equally to any claim that relates to the subject matter of the Released Claims except as expressly excluded therefrom. The Court's approval of the Settlement and entry of judgment herein shall have the effect of barring each of the Releasing Parties from asserting any claim from which that party would be barred by a judgment resolving the certified claims herein had such claims been brought by such party individually. Neither Party will bear the other's Party's litigation costs, costs of court, or attorney's fees.

11.    The Court also approves the efforts and activities of the Settlement Administrator, JND Legal Administration, in assisting with certain aspects of the administration of the Settlement

and directs JND to continue to assist Class Representative in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Judgment, any Plan of Allocation approved by the Court, and the Court's other orders.

12.    Nothing in this Judgment shall bar any action or claim by Class Representative or Defendant to enforce or effectuate the terms of the Settlement Agreement or this Judgment.

13.    This Judgment, the Settlement, and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement; any negotiations, statements, or proceedings in connection therewith; or any action undertaken pursuant thereto— shall not be used for any purpose or admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Judgment, or the Settlement (including, but not limited to, defending or bringing an action based on the release provided for herein). The Judgment, the Settlement, and the Settlement Agreement are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any allegation made in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted in the Litigation; the amount of damages, if any, that would have been recoverable in the Litigation; any liability, negligence, fault, or wrongdoing of any person or entity in the Litigation; or whether any other lawsuit should be certified as a class action pursuant to Federal Rule of Civil Procedure 23 or any applicable state rule of procedure.

14.    As separately set forth in detail in the Court's Plan of Allocation Order(s), the Allocation Methodology, the Plan of Allocation, and distribution of the Net Settlement Fund among Participating Class Members are approved as fair, reasonable, and adequate, and Class

Counsel and the Settlement Administrator are directed to administer the Settlement in accordance with the Plan of Allocation Order(s) entered by the Court.

15.    The Court finds that Class Representative, Defendant, and their respective Counsel have complied with the requirements of the Federal Rules of Civil Procedure as to all proceedings and filings in this Litigation. The Court further finds that Class Representative and Plaintiff's Counsel adequately represented the Settlement Class in entering into and implementing the Settlement.

16.    Defendant, Released Parties, and Defendant's Counsel have no liability or responsibility to Plaintiff, Plaintiff's Counsel, or the Settlement Class with respect to the Gross Settlement Fund or its administration, including but not limiting to any distributions made by the Settlement Administrator. Except as described in paragraph 6.20 of the Settlement Agreement, no Class Member shall have any claim against Plaintiff's Counsel, the Settlement Administrator, or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement, the Court's Plan of Allocation Order(s), or other orders of the Court.

17.    Any Class Member who receives a Distribution Check that he/she/it is not legally entitled to receive is hereby ordered to either: (a) pay the appropriate portion(s) of the Distribution Check to the person(s) legally entitled to receive such portion(s), or (b) return the Distribution Check uncashed to the Settlement Administrator.

18.    All matters regarding the administration of the Settlement Account and the taxation of funds in the Settlement Account or distributed from the Settlement Account shall be handled in accordance with Section 5 of the Settlement Agreement.

19.     Any order approving or modifying any Plan of Allocation Order, the application by Class Counsel for an award of Plaintiff's Attorneys' Fees or reimbursement of Litigation Expenses and Administration, Notice, and Distribution Costs, or the request of Class Representative for a Case Contribution Award, shall be handled in accordance with the Settlement Agreement and the documents referenced therein (to the extent the Settlement Agreement and documents referenced therein address such an order).

20.     Plaintiff's Counsel, Plaintiff, and the Settlement Class will only be liable for loss of any portion of the Settlement Account as described in paragraph 6.20 of the Settlement Agreement. Defendant and Released Parties shall have no liability for any such loss.

21.     Without affecting the finality of this Judgment in any way, the Court (along with any appellate court with power to review the Court's orders and rulings in the Litigation) reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the Settlement Class, Defendant, and the other Released Parties for the purposes of: (a) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement, the Settlement Agreement, any Plan of Allocation Order entered by the Court, and this Judgment; (b) hearing and determining any application by Class Counsel for an award of Plaintiff's Attorneys' Fees, and Litigation Expenses and Administration, Notice, and Distribution Costs, and/or a Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing; (c) supervising the distribution of funds from the Settlement Account; (d) resolving any dispute regarding a Party's right to terminate the Settlement pursuant to the Settlement Agreement; (e) enforcing the terms of the Settlement, including the entry of injunctive or other relief to enforce, implement, administer, construe and

interpret the Settlement Agreement; and (f) exercising jurisdiction over any challenge to the Settlement on any basis whatsoever.

22.    In the event the Settlement is terminated as the result of a successful appeal of this Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Judgment and all orders previously entered in connection with the Settlement shall be rendered null and void and shall be vacated to the extent provided by and in accordance with the Settlement Agreement. The provisions of the Settlement Agreement and Supplemental Agreements relating to termination of the Settlement Agreement shall be complied with, including the refund of amounts in the Settlement Account to Defendant and the refund by Plaintiff's Counsel into the Settlement Account of any amounts previously paid to them from the Settlement Account.

23.    The claims asserted by Class Representative in this Litigation and all Released Claims of the Participating Class Members are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties. The Court retains jurisdiction pursuant to paragraph 21 above to administer the Settlement distribution process as contemplated in the Court's separate Plan of Allocation Order(s), to administer other aspects of the Settlement as described in the Settlement Agreement, and to issue additional orders pertaining to, *inter alia*, Class Counsel's request for Plaintiff's Attorneys' Fees and reimbursement of reasonable Litigation Expenses and Administration, Notice, and Distribution Costs, and Class Representative's request for a Case Contribution Award. Notwithstanding the Court's jurisdiction to issue additional orders in this Litigation, this Judgment fully disposes of all claims as to Defendant and is therefore a final appealable judgment. Regardless, there is no just reason to delay

the finality of the Judgment. The Court further hereby expressly directs the Clerk of the Court to

file this Judgment as a final order and final judgment in this Litigation.

IT IS SO ORDERED this _17th_ day of _October_ . 2022.

_(signature)_

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE